# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicole L. Sell

**DEFENDANTS**
Starters Golf, LLC d/b/a The Clubhouse Grille, Favian Juarez, Ryan Blawn

**(b)** County of Residence of First Listed Plaintiff: **Northampton**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northampton**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew J. Deschler, Esq.
512 N. New Street, Bethlehem, PA 18018

Attorneys *(If Known)*
Kellie Rahl-Heffner, Esq.
33 S. 7th Street, P.O. Box 4060, Allentown, PA 18105

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. sec. 2000e-2
Brief description of cause:
Sexual discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 09/24/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __921 Dewey Avenue, Northampton, PA 18067__

Address of Defendant: __3910 Adler Place, Suite 104, Bethlehem, PA 18017__

Place of Accident, Incident or Transaction: __400 Illicks Mill Road, Bethlehem, PA 18017__

---

*RELATED CASE, IF ANY:*

Case Number: __N/A__   Judge: __N/A__   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/24/2019__    _/s/ Matthew Deschler_ (Must sign here)    __311785__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Matthew J. Deschler, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __09/24/2019__    _/s/ Matthew Deschler_ (Sign here if applicable)    __311785__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Nicole L. Sell | : | CIVIL ACTION |
| v. | : | |
| Starters Golf, LLC d/b/a The Clubhouse Grille, Favian Juarez, and Ryan Blawn | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 9/24/19 | _Matthew J. Deschler, Esq._ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610.865.6770 | 610.865.6433 | mjdeschler@littdeschlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE L. SELL,<br>    **Plaintiff** | )<br>)<br>) | **No.** |
| vs. | )<br>)<br>) | **JURY TRIAL DEMANDED** |
| STARTERS GOLF, LLC d/b/a<br>THE CLUBHOUSE GRILLE,<br>FAVIAN JUAREZ, and<br>RYAN BLAWN,<br>    **Defendants** | )<br>)<br>)<br>)<br>) | |

## PLAINTIFF'S COMPLAINT

1. Plaintiff is Nicole L. Sell, an adult individual residing at 921 Dewey Avenue, Northampton, PA 18067.

2. Plaintiff is a woman.

3. Defendant is Starters Golf, LLC d/b/a The Clubhouse Grille ("Starters"), a Pennsylvania limited liability company with a registered address at 3910 Adler Place, Suite 104, Bethlehem, PA 18017.

4. Defendant is Favian Juarez ("Juarez"), an adult individual whose last known address of employment is 400 Illicks Mill Road, Bethlehem, PA 18017.

5. Juarez is a man.

6. Defendant is Ryan Blawn ("Blawn"), an adult individual whose last known address of employment is 400 Illicks Mill Road, Bethlehem, PA 18017.

7. Blawn is a man.

1

8. At all pertinent times hereto, Starters operated a restaurant ("The Clubhouse Grille") at the Bethlehem Golf Club at 400 Illicks Mill Road, Bethlehem, PA 18017.

9. In 2014, Starters hired Plaintiff to work as a cook.

10. At all pertinent times hereto, Plaintiff was qualified to work for Starters as a cook.

11. At all pertinent times hereto, Blawn served as the general manager of the Clubhouse Grille.

12. At all pertinent times hereto, Starters had at least fifteen (15) employees.

13. At the time Plaintiff was hired, Starters also employed Juarez, who also worked as a cook.

14. Approximately one year after Plaintiff was hired, Juarez was promoted to the position of kitchen manager, in which position he supervised Plaintiff, who continued to work as a cook.

15. Plaintiff and Juarez worked together in the kitchen preparing and cooking food.

16. Plaintiff worked Monday through Friday, from 8:00 AM to 5:00 PM.

17. Prior to February 2018, Juarez's work schedule overlapped with Plaintiff's on Mondays, Wednesdays, and Fridays. Juarez also worked on the weekends.

18. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

19. Plaintiff demands a jury trial.

20. Plaintiff has exhausted her administrative remedies as demonstrated by the U.S. Equal Employment Opportunity Commission "right-to-sue" letter and Pennsylvania

Human Relations Commission close-out letters collectively attached hereto as Exhibit "A".

**COUNT I – Discrimination on the Basis of Sex in Violation of Section 5(a) of the Pennsylvania Human Relations Act – Sexual Harassment – Hostile Work Environment – Nicole L. Sell vs. Starters Golf, LLC d/b/a The Clubhouse Grille**

21. Plaintiff incorporates the allegations in the paragraphs above as if the same were fully set forth at length herein.

22. Beginning from the time of Plaintiff's hiring, Juarez subjected Plaintiff to a continuing pattern of sexual harassment in the workplace.

23. Juarez's behavior toward Plaintiff was lewd, hostile, offensive, severe, pervasive and unwelcome.

24. Beginning from the time of Plaintiff's hiring, Juarez made comments, or variations thereof, to Plaintiff including but not limited to the following:

    a. Juarez told Plaintiff that she had "a nice pussy."

    b. Juarez told Plaintiff that her "pussy looked like the stuffed flounder."

    c. Juarez told Plaintiff that she had "nice lips."

    d. Juarez told Plaintiff that she was "my bitch" and also called her simply "bitch."

    e. Juarez told Plaintiff that her "comida" (food) is in his pants, so she could retrieve it from him.

    f. When Plaintiff would go to the restroom, Juarez would ask if he could go with her.

       g.      Juarez would tell Plaintiff that he loved her and that one day they would be together. When Plaintiff would reject him, as she always did, he would ask why.

       h.      Juarez told Plaintiff that, if she complained about the harassment, she would be fired, not him.

       i.      Juarez told Plaintiff that if she told Blawn, the general manager of The Clubhouse Grille, about these instances of sexual harassment, Blawn would not do anything.

25.    Juarez also physically grabbed Plaintiff's buttocks and grabbed her by the face and forcibly attempted to kiss her.

26.    Juarez made such comments and engaged in the above-referenced conduct on a consistent, constant, and continuing basis in that he made such comments and engaged in such behavior multiple times per week since the time of Plaintiff's hiring in 2014.

27.    Plaintiff made clear to Juarez that she was opposed to his verbal and physical advances but he continued to engage in them.

28.    In approximately 2015, Plaintiff had complained about Juarez's sexual harassment to John Cooke ("Cooke"), the front house manager at The Clubhouse Grille.

29.    To Plaintiff's knowledge, Cooke conducted no investigation into her complaint, Juarez was never disciplined, and he continued to work alongside Plaintiff.

30.    In fact, when Plaintiff complained to Cooke in 2015, he advised her not to take the situation too seriously and informed her that was just "Favian being Favian."

31.    On one occasion, Cooke even walked into the kitchen when Juarez was attempting to forcibly kiss Plaintiff, yet still took no action against Juarez.

32. In November 2017, Juarez texted Plaintiff asking: "You like my finger? You wanna use it?", to which Plaintiff texted back in response: "Hell no."

33. In January 2018, Juarez texted Plaintiff heart emojis, to which she responded with an emoji instructing him to stop.

34. On February 9, 2018, Plaintiff sent a text message to Blawn informing him that Juarez had "made that comment to me today about the flounder looks like my p-word."

35. Plaintiff advised Blawn in the text message that Juarez had taken his comments "too far," and Blawn responded with an acknowledgment that "we really do take it too far" and that "[w]e say a lot of foul stuff with no intent on harm."

36. Blawn promised to speak to Juarez about the incident.

37. Blawn also texted that he would "take the blame" and that it was his fault for allowing "the banter."

38. On February 11, 2018, Plaintiff sent another text message to Blawn indicating that, on February 9, 2018, Juarez had also told Plaintiff that her "p-word looked nice in [her] jeans."

39. Plaintiff further advised Blawn that there "were times in the past as well that Favian was inappropriate with me and I kept it to myself and handled it with him personally.  He likes me and I've rejected him and this is why he doesn't ever want to help me out in the kitchen."

40. In response, Blawn again promised to speak to Juarez.

41. Plaintiff then sent Blawn a follow-up text listing the specific variations of sexual harassment that she has suffered at the hands of Juarez, which were set forth in paragraphs 24 and 25 above.

5

42.     On February 12, 2018, Plaintiff had a discussion at work with Blawn about Juarez's sexual harassment, and Blawn again promised to speak to Juarez about Plaintiff's complaint.

43.     For the workweek beginning, Monday, February 12, 2018, Juarez still worked the same shifts with Plaintiff on Monday, Wednesday, and Friday.

44.     Following Plaintiff's complaints to Blawn on February 9, 2018, and on February 11, 2018, Juarez's schedule was eventually changed so that he was no longer working on the same shifts as Plaintiff.

45.     During a shift change on or about February 23, 2018, Juarez again called Plaintiff a "bitch."

46.     Plaintiff reported the February 23, 2018, remark to Blawn, but no action was taken against Juarez.

47.     The new schedule in which Plaintiff and Juarez did not work the same shifts continued until the workweek beginning Monday, February 26, 2018, when Blawn notified Plaintiff that Juarez would be working the same shift as her on Wednesday, February 28, 2018.

48.     Starters had other employees besides Juarez who could have worked in the kitchen with Plaintiff during the day shifts.

49.     When Plaintiff learned that she would again be required to work alongside Juarez, she texted Blawn to express her concerns and discomfort.

50.     Despite Plaintiff's expressions of her concerns and discomfort, Blawn nevertheless ignored and/or rejected them, and required her to work on Wednesday, February 28, 2018, with Juarez.

51.     Plaintiff was also required to work the following Wednesday, March 7, 2018, with Juarez.

52.     In mid-March, 2018, Blawn reverted the schedule to its pre-February 2018 format, so that Juarez again worked Mondays, Wednesdays, and Fridays with Plaintiff, which remained the schedule until Plaintiff left her employment in April 2018.

53.     After Juarez returned to working day shifts with Plaintiff, Plaintiff again complained to Blawn, who told her that she would have to "stick it out" until Starters could hire a new employee to replace Juarez.

54.     On April 18, 2018, Juarez confronted Plaintiff in the kitchen at work and told her that he did not make the comments that she had accused him of making.

55.     Plaintiff replied to Juarez that he did make those comments.

56.     Juarez then told her: "what if I tell Ryan [Blawn] I touched you all over and kissed you?"

57.     Plaintiff replied that Juarez could tell Blawn because it was the truth and that every time Juarez touched her she had told him to stop.

58.     Blawn overheard the argument and came into the kitchen and asked whether Plaintiff was okay.

59.     Plaintiff was in tears during this encounter.

60.     Plaintiff replied that she was not okay, but Juarez, interjecting himself, stated that she was okay.

61.     Plaintiff advised Blawn that Juarez was harassing her again.

62.     Blawn, however, did not discipline or reprimand Juarez and instead required that Plaintiff continue working with him.

63. Plaintiff then gave Blawn her two-weeks' notice to quit, and again informed him that she was not comfortable working with Juarez.

64. Once again, nothing was done by Starters management to address Plaintiff's concerns and Blawn required her to work alongside Juarez for the next two weeks.

65. April 27, 2018, was Plaintiff's last day of work.

66. When Plaintiff separated from her employment, she was earning $14.00 per hour.

67. Starters never distributed a written sexual harassment policy, nor did it ever hold sexual harassment training sessions during Plaintiff's employment there.

68. As such, there was no established procedure through which to report incidents of sexual harassment.

69. However, by complaining about Juarez's sexual harassment to her superiors, Plaintiff provided Starters with the opportunity to take appropriate action to prevent and promptly address the harassment.

70. By forcing Plaintiff to continue to work with her harasser, a man who had physically assaulted her, Starters failed abjectly to take such action.

71. As Plaintiff could not reasonably be expected to work alongside her harasser, especially after the April 18, 2018, confrontation, Starters' decision to force her to continue to do so created an intolerable working condition and left Plaintiff with no option but to resign her employment.

72. Accordingly, Starters' conduct amounted to a constructive discharge of Plaintiff from employment.

73. Due to the conduct of Juarez, Blawn, and Starters, Plaintiff suffered loss of sleep, loss of appetite, panic attacks, anxiety, mental anguish and emotional distress.

*Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Starters Golf, LLC d/b/a The Clubhouse Grille, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Starters Golf, LLC d/b/a The Clubhouse Grille from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

**COUNT II – Discrimination on the Basis of Sex in Violation of Section 5(a) of the Pennsylvania Human Relations Act – Constructive Discharge – Nicole L. Sell vs. Starters Golf, LLC d/b/a The Clubhouse Grille**

74. Plaintiff incorporates the averments in the paragraphs above as if the same were fully set forth at length herein.

75. Based on the allegations in the paragraphs above, Starters constructively discharged Plaintiff on the basis of her sex.

*Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Starters Golf, LLC d/b/a The Clubhouse Grille, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Starters Golf, LLC d/b/a The Clubhouse Grille from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

## COUNT III – Discrimination on the Basis of Sex in Violation of Section 2000e-2 of Title VII of the Civil Rights Act of 1964 – Sexual Harassment – Hostile Work Environment - Nicole L. Sell vs. Starters Golf, LLC d/b/a The Clubhouse Grille

76. Plaintiff incorporates the averments in the paragraphs above as if fully set forth at length herein.

77. Based on the allegations in the paragraphs above, Starters discriminated against Plaintiff on the basis of sex on a hostile work environment theory.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Starters Golf, LLC d/b/a The Clubhouse Grille, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Starters Golf, LLC d/b/a The Clubhouse Grille from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

## COUNT IV – Discrimination on the Basis of Sex in Violation of Section 2000e-2 of Title VII of the Civil Rights Act of 1964 – Constructive Discharge - Nicole L. Sell vs. Starters Golf, LLC d/b/a The Clubhouse Grille

78. Plaintiff incorporates the averments in the paragraphs above as if fully set forth at length herein.

79. Based on the allegations in the paragraphs above, Starters constructively discharged Plaintiff on the basis of her sex.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Starters Golf, LLC d/b/a The Clubhouse Grille, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs

and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Starters Golf, LLC d/b/a The Clubhouse Grille from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

### COUNT V – Aiding and Abetting in Violation of Section 5(e) of the Pennsylvania Human Relations Act – Nicole L. Sell vs. Favian Juarez

80. Plaintiff incorporates the averments in the paragraphs above as if the same were fully set forth at length herein.

81. Juarez aided and abetted Starters' unlawful discrimination of Plaintiff on the basis of sex.

### *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Favian Juarez, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Favian Juarez from engaging in discriminatory practices, as well as award any other appropriate legal or equitable relief.

### COUNT VI – Aiding and Abetting in Violation of Section 5(e) of the Pennsylvania Human Relations Act – Nicole L. Sell vs. Ryan Blawn

82. Plaintiff incorporates the averments in the paragraphs above as if the same were fully set forth at length herein.

83. At all times pertinent hereto, Blawn exercised ultimate operational and decision-making control for Starters at The Clubhouse Grille.

84. Blawn aided and abetted Starters' unlawful discrimination of Plaintiff on the basis of sex.

## *Prayer for Relief*

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant Ryan Blawn, and demands back pay, front pay, compensatory and punitive damages, attorney's fees (including expert fees), and costs and interest, and respectfully requests that this Honorable Court enter an Order enjoining Defendant Ryan Blawn from engaging in discriminatory and retaliatory practices, as well as award any other appropriate legal or equitable relief.

                                      **LITTNER, DESCHLER & LITTNER**

By: *[signature]*
                    Matthew J. Deschler, Esquire
                    512 North New Street
                    Bethlehem, PA 18018
                    Telephone: (610) 865-6770
                    Facsimile: (610) 865-6433
                    mjdeschler@littdeschlaw.com
                    PA ID No. 311785
                    Counsel for Plaintiff

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     **EXHIBIT A**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Nicole L. Sell<br>921 Dewey Avenue<br>Northampton, PA 18067 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2019-60109 | **Kurt Jung**<br>State, Local & Tribal Program Manager | (267) 589-9749 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*         09/19/2019

Enclosures(s)     **Jamie R. Williamson**<br>District Director     *(Date Mailed)*

cc:     **STARTERS GOLF, LLC D/B/A THE CLUB HOUSE GRILLE**

| Matthew J. Deschler, Esq.<br>Littner, Deschler and Littner<br>512 North New Street<br>Bethlehem, PA 18016<br>mjdeschler@littdeschlaw.com | Kellie L. Rahl-Heffner, Esq.<br>Gross McGinley LLP<br>33 S 7th Street<br>P.O. Box 4060<br>Allentown, PA 18105-4060<br>KRahl-Heffner@GrossMcGinley.com |
|---|---|

Very Truly yours,


**pennsylvania**
HUMAN RELATIONS COMMISSION

March 13, 2019

Nicole L. Sell
921 Dewey Avenue
Northampton, PA 18067

RE: Nicole L. Sell Vs. Ryan Blawn
   PHRC Case No. 201800439
   EEOC Case No. 17F201960110

Dear Nicole L. Sell,

The Pennsylvania Human Relations Commission reviewed the above named complaint of discrimination and determined that it should be closed administratively. You have been informed by your investigator of the reasons for this determination. Enclosed is a Notice of Rights in this matter.

The Pennsylvania Human Relations Act affords the complainant and the respondent the opportunity for comments after the final disposition of the complaint. If you wish to make written comments regarding the investigation of the complaint, please send them to the Director of Enforcement, at the above address. Your comments will be provided to the Commission members.

Very truly yours,

Chad Dion Lassiter, MSW
Executive Director

Enclosure

cc: Matthew Deschler